THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CLIFTON RAY DEAL, JR.<br>KIMBERLY DAWN DEAL,<br><br>DEBTOR | CHAPTER 7<br><br>CASE NO. 20-20273-JRS<br><br><br>HONORABLE JAMES R. SACCA |

**FINAL APPLICATION OF TRUSTEE FOR COMPENSATION**

**COMES NOW**, Albert F. Nasuti, Chapter 7 Trustee, pursuant to 11 U.S.C. §330, and respectfully shows that the assets of this estate have been liquidated, and the Trustee had $433,333.33 for disbursement to creditors during his tenure as the Chapter 7 Trustee. The statutory fee is calculated on the amount of $433,333.33, representing total funds brought into the estate in the amount of 433,333.33, less surplus to Debtor, Clifton Ray Deal, Jr, in the amount of $360,555.53.

In the administration of said estate, the Trustee has performed those services required by a Trustee within the time frame of February 10, 2020 and March 5, 2021.

The Trustee believes his services to be reasonable in the amount of $11,328.00. The statutory allowance is $6,888.89. The Trustee has not previously received any compensation.

The Trustee has not in any form or guise agreed to share the compensation for such services with any person not contributing thereto, or to share in the compensation of any person rendering services in this proceeding to which services applicant has not contributed (other than a law partner or forwarding Attorney at Law). Your applicant has not entered into any agreement, written or oral, express or implied, with any other party in interest or any attorney of any other party in interest in this proceeding for the purpose of fixing the amount of the fees or other compensation to be paid to any party in interest, or any attorney of any party in interest herein for services rendered in connection therewith.

The Trustee has advanced the following expenses properly chargeable to the estate, none of which have been repaid, and for which the Trustee requests reimbursement:

| | | |
|---|---|---|
| | Bond Premium | $176.03 |
| | Photocopy charge | $56.10 |

|   | Postage (Actual) | $41.36 |
|---|---|---|
|   | TOTAL | $273.49 |

**WHEREFORE**, Albert F. Nasuti, the Chapter 7 Trustee, respectfully moves this Court for the entry of an Order allowing compensation for the Chapter 7 fees in the amount of $6,888.89, reimbursement of expenses in the amount of $273.49, and any other relief the Court may deem appropriate.

Dated this March 5, 2021.

/s/ Albert F. Nasuti
Albert F. Nasuti, Chapter 7 Trustee
GA Bar No. 535209
Thompson, O'Brien, Kemp & Nasuti, P.C.
40 Technology Parkway South, Suite 300
Peachtree Corners, Georgia 30092
Tel: (770) 925-0111
anasuti@tokn.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.:   20-20273-JRS |
| | ) | |
| CLIFTON RAY DEAL, JR. AND | ) | |
| KIMBERLY DAWN DEAL, | ) | CHAPTER 7 |
| | ) | |
| Debtors | ) | HONORABLE JAMES R. SACCA |

## CASE NARRATIVE

NOW COME, Albert F. Nasuti, Chapter 7 Trustee and Thompson, O'Brien, Kemp & Nasuti, P.C., as Counsel for the Chapter 7 Trustee, and hereby file the following Case Narrative to accompany the Trustee's Application for Compensation and the Attorney for Trustee's Application for Compensation, and show the Court as follows:

The case was filed as a Chapter 7 on February 10, 2020.  Albert F. Nasuti was appointed Trustee.  The Trustee reviewed the schedules and conducted the §341 meeting.  The schedules listed "Debtor 1 has a pending wrongful death claiming involving Debtor 1's father" as an asset of the Debtor Husband, the value of the wrongful death asset was claimed in the amount of $0, with the same exemption of $0.

The Trustee examined the Debtors at the §341 Meeting of Creditors, including Debtor Husband's claim for the wrongful death asset.  Debtor Husband was one of the beneficiaries of the wrongful death claim regarding the death of his father in an automobile accident that had been pursued by his late father's probate estate.  Having identified the asset, the Trustee determined that the Bankruptcy Estate was not a party to the wrongful death claim, but Debtor Husband (*i.e.* his Bankruptcy Estate) was a beneficiary of the claim and would participate in the distribution of funds resulting from the wrongful death claim.  Debtor Husband provided contact information for the counsel representing Debtor's late father's probate estate, M.D. (Chip) Purcell, Jr. (located in Tampa, FL).  The Trustee conferred with Mr. Purcell regarding the status of the claim, who the beneficiaries of the probate estate were, and the Trustee reviewed documents and information concerning the claim and tentative recovery.  The Trustee determined that the administration of the claim may result in recovery of funds for the unsecured creditors of the bankruptcy estate.

When the probate estate reached a settlement of the wrongful death claim, the Trustee reviewed the Settlement Agreement entered into by the parties of the wrongful death suit.  The

Trustee reviewed and monitored agreements concerning division of the settlement funds and provided instructions for delivery of Debtor Husband's portion of the settlement proceeds, as one of the beneficiaries of the wrongful death claim.

Once the Trustee collected the non-exempt asset, he began review of the filed proofs of claims. Since the recovered funds were the asset of Debtor Husband, only claims of Debtor Husband's Bankruptcy Estate would receive a distribution at the bankruptcy case closing.

The Trustee conducted a detailed analysis of the filed proofs of claim to determine which allowed claims are owed by Debtor Husband (individually or jointly with Debtor Wife), and would be entitled to receive distribution at case closing.

On October 16, 2020, the Trustee filed a Motion Setting Out Proposed Treatment Of Claims In The Bankruptcy Estates Of Clifton Ray Deal, Jr. And Kimberly Dawn Deal, which outlined the proposed treatment and allowance of claims in the two bankruptcy estates. The Order on the Motion was entered on December 1, 2020 (Docket No. 44). All claims were liquidated.

The Trustee filed required estate tax returns and obtained a § 505 (b) tax clearance.

The Trustee is now closing the case and paying a 100% dividend to creditors, plus interest, with a surplus of funds being paid to Debtor Husband. The Trustee shows that all actions taken were necessary and in furtherance of his statutory duties and resulted in all creditors of Debtor Husband's Bankruptcy Estate being paid in full.

Respectfully submitted this 5th day of March, 2021.

/s/   Albert Nasuti

Albert F. Nasuti, Chapter 7 Trustee
Georgia State Bar No. 535209
Thompson, O'Brien, Kemp & Nasuti, PC
40 Technology Parkway South, Suite 300
Peachtree Corners, Georgia 30092
Tel: (770) 925-0111