# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CLIFTON RAY DEAL, JR. and<br>KIMBERLY DAWN DEAL,<br><br>DEBTORS | CASE NO. 20-20273-JRS<br><br>CHAPTER 7<br><br>HONORABLE JAMES R. SACCA |

## APPLICATION OF ATTORNEY FOR TRUSTEE FOR FINAL COMPENSATION

**NOW COMES**, Thompson, O'Brien, Kemp & Nasuti, P.C., pursuant to 11 U.S.C. §331, and shows the Court as follows:

1. The Trustee was appointed as Chapter 7 Trustee on or about February 10, 2020.

2. Albert F. Nasuti serves as the Chapter 7 Trustee.

3. The Court authorized the retention of Thompson, O'Brien, Kemp & Nasuti, P.C. to serve as attorneys for the Trustee on May 20, 2020 (Docket No. 19).

4. Thompson, O'Brien, Kemp & Nasuti, P.C. has rendered legal services as Attorneys for the Trustee and has incurred expenses as detailed on Exhibit "A" attached hereto and incorporated herein by reference.

5. The Trustee has funds on deposit of $433,333.33.

**WHEREFORE**, Applicant requests the entry of an Order approving the Application for compensation for Thompson, O'Brien, Kemp & Nasuti, P.C. in the amount of $7,787.50 for fees and $0.00 for expenses as attorneys for the Chapter 7 Trustee, and for any other relief the Court may deem appropriate.

Respectfully submitted March 5, 2021.

*/s/ Albert F. Nasuti*
Albert F. Nasuti, Chapter 7 Trustee
GA Bar No. 535209
Thompson, O'Brien, Kemp & Nasuti, P.C.
40 Technology Parkway South, Suite 300
Peachtree Corners, Georgia 30092
Tel: (770) 925-0111
anasuti@tokn.com

**THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.**
*Attorneys At Law*
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092
(770) 925-0111
Tax ID No. 58-1455081

|  |  |
|---|---|
| | Page: 1 |
| ATTORNEY FOR CHAPTER 7 TRUSTEE | March 05, 2021 |
| ATLANTA, GA | File No: 3490-00566T |
| | Statement No: 745312 |

Deal, Clifton Ray, Jr. & Kimberly Dawn

**** Please note, as of April 1, 2021, our new mailing address will be:**

**Thompson, O'Brien, Kemp & Nasuti, PC
2 Sun Court
Suite 400
Peachtree Corners, GA 30092**

**Please update your records accordingly.**

For Professional Services Rendered Through

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 03/11/2020 | MBP | Review bankruptcy petition and schedules (.3); review wrongful death claim and cause of action and related exemption issues; research exemption issues (4.3); work on memorandum to Trustee regarding the debtor's exemption rights (.4); Prepare list of questions for meeting of creditors to conduct discovery on estate claims and rights to claims (.5); | 5.50 | 2,337.50 |
| 04/29/2020 | MBP | Review debtors' testimony from meeting of creditors regarding estate wrongful death claim (.3); review exemption issues (.6); conference with counsel representing decedent's estate concerning status of representation and estate's role in claim (.4); | 1.30 | 552.50 |
| 04/30/2020 | MBP | Conference with counsel representing debtor's father's probate estate in wrongful death claim (.4); work on explanatory letters on rights to claim and to other potential beneficiaries to estate (1.3); | 1.70 | 722.50 |
| 05/01/2020 | AFN | Review information from Debtors' counsel regarding parties with rights to wrongful death claim. Memo to co counsel. | 0.50 | 212.50 |
| 05/08/2020 | MBP | Work on letter to counsel representing the probate estate in pursuing a wrongful death claim of the debtor's deceased father (.6); work on letter to debtor's siblings regarding debtor's interests belonging to the bankruptcy estate (.8); | 1.40 | 595.00 |
| 05/11/2020 | MBP | Work on follow up letters to the debtor's sisters regarding the bankruptcy estate's interest in wrongful death claim/probate estate of their father; | 0.60 | 255.00 |
| 05/13/2020 | AFN | Review probate estate issues of Debtor's deceased father and interest in probate estate related to wrongful death claim held by estate, related to death of father in car collision. (.5). Work on letters to counsel for probate estate and | | |

**EXHIBIT A**

Case 20-20273-jrs    Doc 49-2    Filed 03/30/21    Entered 03/30/21 09:04:14    Desc
Application for Attorney Compensation    Page 3 of 7

Page: 2
March 05, 2021
File No: 3490-00566T
Statement No: 745312

ATTORNEY FOR CHAPTER 7 TRUSTEE

Deal, Clifton Ray, Jr. & Kimberly Dawn

| Date | TK | Description | Hours | Amount |
|---|---|---|---:|---:|
| | | other heirs regarding bankruptcy estate's interest in claim. (.6).  Follow up meeting with co counsel on asserting bankruptcy estate's rights to wrongful death claim and probate estate. (.3). | 1.40 | 595.00 |
| 09/21/2020 | IVF | Telephone conference with Debtor's attorney regarding settlement in Debtor's father's wrongful death claim (i.e. Debtor's claim to the funds), bankruptcy estate's claim to the Debtor's settlement funds portion, Estate's causes of action | 0.40 | 100.00 |
| | IVF | Telephone conference with Chip Purcell, counsel for the Estate of Debtor's late father regarding father's estate's wrongful death claim, about tentative settlement, distribution of settlement funds, and Bankruptcy estate claim to Debtor's portion of the settlement | 0.40 | 100.00 |
| 09/22/2020 | IVF | Telephone conference with Chip Purcell, counsel for the Estate of Debtor's late father regarding father's estate's wrongful death claim, regarding details of the wrongful death settlement and Estate claims to the funds | 0.20 | 50.00 |
| 09/23/2020 | IVF | Correspondence to PI counsel with instructions for payment of settlement funds | 0.20 | 50.00 |
| 10/05/2020 | IVF | Review correspondence from Chip Purcell regarding status of the settlement and Final Executed Settlement Agreement (0.2); Telephone conference with Chip Purcell regarding settlement and Final Executed Settlement Agreement terms and disbursement of settlement funds (0.2) | 0.40 | 100.00 |
| 11/19/2020 | MBP | Prepare for and attend telephonic hearings on trustee's motion to set out treatment of claims in two separate estates and objection to proof of claim no. 5 filed by Branch Banking & Trust (.8); obtain orders approving motion and objection (.4); work on proposed written order setting claims out into separate estates and order granting trustee's objection to the proof of claim (.9); | 2.10 | 892.50 |
| 02/07/2021 | AFN | Prepare attorney for Trustee portion of case narrative. | 0.60 | 255.00 |
| 02/08/2021 | IVF | Prepare draft of attorney for Trustee fee application and exhibits. | 1.10 | 275.00 |
| 02/09/2021 | AFN | Review and revise time entries for attorney for Trustee fee application (.5); Review attorney for Trustee fee application and revise (.2) | 0.70 | 297.50 |
| | IVF | Prepare Order on Attorney for Trustee Fee Application. | 0.40 | 100.00 |
| 02/10/2021 | AFN | Review and revise order on attorney for trustee fee application. | 0.20 | 85.00 |
| 03/01/2021 | AFN | Estimated time to attend telephonic hearing on final attorney for Trustee fee application in Bankruptcy Court and to submit orders on applications. | 0.50 | 212.50 |
| | | For Current Services Rendered | 19.60 | 7,787.50 |

Recapitulation

| Timekeeper | Hours | Total |
|---|---:|---:|
| Albert F. Nasuti | 3.90 | $1,657.50 |
| Michael B. Pugh | 12.60 | 5,355.00 |
| Ilona V. Fisher | 3.10 | 775.00 |

ATTORNEY FOR CHAPTER 7 TRUSTEE

Page: 3
March 05, 2021
File No: 3490-00566T
Statement No: 745312

Deal, Clifton Ray, Jr. & Kimberly Dawn

**Total Current Work**     7,787.50

**Current Balance Due (Including Past Due Amount, If Any)**     $7,787.50

This invoice reflects payments received as of 03/05/2021
Statements are due and payable in full upon receipt.
Please indicate file number and invoice number on your check to ensure
proper credit.

## KEY TO PROFESSIONALS:

|  |  | Hourly Rates |
|---|---|---|
| AFN | Albert F. Nasuti - Partner | $425 |
| AMK | Aaron M. Kappler- Managing Partner | $425 |
| RMT | R. Michael Thompson - Partner | $425 |
| JPO | J. Patrick O'Brien - Partner | $425 |
| MBP | Michael B. Pugh – Partner | $425 |
| DCW | David C. Whitridge - Associate | $325 |
| WJD | William J. Diehl | $325 |
| BDK | Brian D. Klein | $325 |
| IVF | Ilona V. Fisher | $250 |
| JMG2 | Joanna M. Grissom- Legal Assistant | $125 |

## KEY TO EXPENSES

| Photocopies | 15 cents/page |
|---|---|
| Postage | Actual |
| Long Distance | Actual |
| Outside Copies | Actual |
| Mileage | 54.5 cents/mile |
| Facsimile | $1.00/page sending |

## STATEMENT REQUIRED BY FED. R. BANKR. P. 2016

Applicant is serving as attorney for the Trustee in this Chapter 7, and makes its application for allowance and compensation for professional services rendered to the Trustee pursuant to the authorizing Order of this Court. All services for which compensation is requested were performed pursuant to said Order and not on behalf of any committee, creditors, or any other person or persons.

Applicant has received no allowance for services to the Trustee and no payments have been promised to Applicant for services to the Trustee. Compensation awarded by this Court will be shared only with members and regular associates of the law firm of Thompson, O'Brien, Kemp & Nasuti, P.C., of which the Trustee is a partner. Applicant does not represent any creditors of the estate and no service rendered to such creditors is included in this application for compensation.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.:  20-20273-JRS |
| | ) | |
| CLIFTON RAY DEAL, JR. AND | ) | |
| KIMBERLY DAWN DEAL, | ) | CHAPTER 7 |
| | ) | |
| Debtors | ) | HONORABLE JAMES R. SACCA |

## CASE NARRATIVE

NOW COME, Albert F. Nasuti, Chapter 7 Trustee and Thompson, O'Brien, Kemp & Nasuti, P.C., as Counsel for the Chapter 7 Trustee, and hereby file the following Case Narrative to accompany the Trustee's Application for Compensation and the Attorney for Trustee's Application for Compensation, and show the Court as follows:

The case was filed as a Chapter 7 on February 10, 2020. Albert F. Nasuti was appointed Trustee. The Trustee reviewed the schedules and conducted the §341 meeting. The schedules listed "Debtor 1 has a pending wrongful death claiming involving Debtor 1's father" as an asset of the Debtor Husband, the value of the wrongful death asset was claimed in the amount of $0, with the same exemption of $0.

The Trustee examined the Debtors at the §341 Meeting of Creditors, including Debtor Husband's claim for the wrongful death asset. Debtor Husband was one of the beneficiaries of the wrongful death claim regarding the death of his father in an automobile accident that had been pursued by his late father's probate estate. Having identified the asset, the Trustee determined that the Bankruptcy Estate was not a party to the wrongful death claim, but Debtor Husband (*i.e.* his Bankruptcy Estate) was a beneficiary of the claim and would participate in the distribution of funds resulting from the wrongful death claim. Debtor Husband provided contact information for the counsel representing Debtor's late father's probate estate, M.D. (Chip) Purcell, Jr. (located in Tampa, FL). The Trustee conferred with Mr. Purcell regarding the status of the claim, who the beneficiaries of the probate estate were, and the Trustee reviewed documents and information concerning the claim and tentative recovery. The Trustee determined that the administration of the claim may result in recovery of funds for the unsecured creditors of the bankruptcy estate.

When the probate estate reached a settlement of the wrongful death claim, the Trustee reviewed the Settlement Agreement entered into by the parties of the wrongful death suit. The

Trustee reviewed and monitored agreements concerning division of the settlement funds and provided instructions for delivery of Debtor Husband's portion of the settlement proceeds, as one of the beneficiaries of the wrongful death claim.

Once the Trustee collected the non-exempt asset, he began review of the filed proofs of claims. Since the recovered funds were the asset of Debtor Husband, only claims of Debtor Husband's Bankruptcy Estate would receive a distribution at the bankruptcy case closing.

The Trustee conducted a detailed analysis of the filed proofs of claim to determine which allowed claims are owed by Debtor Husband (individually or jointly with Debtor Wife), and would be entitled to receive distribution at case closing.

On October 16, 2020, the Trustee filed a Motion Setting Out Proposed Treatment Of Claims In The Bankruptcy Estates Of Clifton Ray Deal, Jr. And Kimberly Dawn Deal, which outlined the proposed treatment and allowance of claims in the two bankruptcy estates. The Order on the Motion was entered on December 1, 2020 (Docket No. 44). All claims were liquidated.

The Trustee filed required estate tax returns and obtained a § 505 (b) tax clearance.

The Trustee is now closing the case and paying a 100% dividend to creditors, plus interest, with a surplus of funds being paid to Debtor Husband. The Trustee shows that all actions taken were necessary and in furtherance of his statutory duties and resulted in all creditors of Debtor Husband's Bankruptcy Estate being paid in full.

Respectfully submitted this 5th day of March, 2021.

/s/   Albert Nasuti
_____
Albert F. Nasuti, Chapter 7 Trustee
Georgia State Bar No. 535209
Thompson, O'Brien, Kemp & Nasuti, PC
40 Technology Parkway South, Suite 300
Peachtree Corners, Georgia 30092
Tel: (770) 925-0111